McARTHUR (CRAIGIE v.). See Case No. 3,341.

McARTHUR (FALLIS v.). See Case No. 4,627.

McARTHUR (HOBSON v.). See Case No. 6,554.

---

## Case No. 8,659a.

### McARTHUR v. HOGAN.

[Hempst. 286.][1]

Superior Court, Territory of Arkansas. July, 1835.

REPLEVIN—AFFIDAVIT—INADEQUATE—JUDGMENT OF RETORNO.

1. Where an affidavit in replevin omits to state that the plaintiff was lawfully possessed of the property, and that it was unlawfully taken from his possession and without his consent, it is fatally defective, and it is proper to dismiss the suit.

2. Judgment of retorno, not technically correct, but substantially good.

[This was a suit by Charles McArthur against Young Hogan. Heard on appeal.]
Before JOHNSON and YELL, JJ.

OPINION OF THE COURT. In this action of replevin, two questions are presented for the consideration of the court. First, the sufficiency of the affidavit of the plaintiff; and second, the legality of the judgment rendered by the court. The affidavit made by the plaintiff in the court below, is manifestly defective and insufficient. It contains no averment that the plaintiff ever was possessed of the property, or that it was unlawfully taken from his possession and without his consent. These averments are required by the statute (Ter. Dig. 457), and the affidavit being thus fatally defective, the suit was properly dismissed by the court. Our statute provides, that if any plaintiff in replevin shall fail to prosecute his suit with effect, the judgment shall be, that he return the property taken. Ter. Dig. 458. Has the circuit court rendered such a judgment? Although the judgment is not in the technical language of the usual forms, yet we think it substantially corresponds with approved precedents. The judgment is as follows: "Therefore, it is considered that the said plaintiff take nothing by the said writ, and that the said defendant have a return of the property so replevied as aforesaid." The judgment rendered in the case is, in our opinion, substantially for a return of the property, and although not formally, is substantially correct. Judgment affirmed.

---

McAVOY (UNITED STATES v.). See Case No. 15,654.

---

[1] [Reported by Samuel H. Hempstead, Esq.]

## Case No. 8,660.

### MACKBEE v. GRIFFITH.

[2 Cranch, C. C. 336.] [1]

Circuit Court, District of Columbia. Oct. Term, 1822.

CONTRACTS—BOARD AND LODGING—PROSTITUTES.

A woman who keeps prostitutes for gain cannot recover in an action against them for boarding and lodging.

Indebitatus assumpsit and quantum meruit, for boarding and lodging.

THE COURT, upon the motion of Mr. Key and Mr. Lear, for defendant, instructed the jury, that if they should be satisfied by the evidence, that the plaintiff kept a bawdy-house, and that the defendant lived with her for the purposes of prostitution, and that the plaintiff was to derive any profit from the prostitution of the defendant, the plaintiff could not recover in that action.

Mr. Jones, for plaintiff, did not object to the instruction.